Matter of Caleesta S. (Daphne M.) (2021 NY Slip Op 06930)





Matter of Caleesta S. (Daphne M.)


2021 NY Slip Op 06930


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Docket No. G-03284/21 Appeal No. 14804 Case No. 2021-01771 

[*1]In the Matter of Caleesta S., A Minor Under Eighteen Years of Age, etc., Daphne M., Petitioner-Respondent, Wanda J. (Deceased), Respondent, Donald E. S., III, Respondent-Appellant.


Steven P. Forbes, Huntington, for appellant.
Dokor Dejvongsa, New York, for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, Bronx County (Ariel D. Chesler, J.), entered on or about May 4, 2021, which, after a hearing, granted petitioner Daphne M.'s petition to be appointed guardian of the subject child, unanimously affirmed, without costs.
Family Court properly found that petitioner, the child's godmother, had standing to seek a nonparent guardianship without the father's consent (see Family Ct Act § 1055-b), because she established extraordinary circumstances existed following the mother's death. Petitioner demonstrated that she had a strong emotional bond with the child and was providing for the child's financial, educational, emotional and medical needs without contribution from the father, who failed to assume any parental role for the child following the mother's death, and that the child was afraid of him (see Matter of Cornell S.J. v Altemease R.J., 164 AD3d 1184, 1184 [1st Dept 2018], lv denied 32 NY3d 913 [2019]; Matter of Jaylanisa M.A. [Christopher A.], 157 AD3d 497, 498 [1st Dept 2018]). There exists no basis to disturb the court's credibility determinations (see Matter of Dianne M. v Princess R.F., 82 AD3d 481 [1st Dept 2011]).
Family Court's determination that awarding guardianship to petitioner would be in the child's best interests is supported by a sound and substantial basis in the record given the evidence that the child was being well-cared for by petitioner, and the child's expressed preference to remain in her care (see Family Ct Act § 1055-b; Matter of Bennett v Jeffreys, 40 NY2d 543, 548-550 [1976]; Matter of Virgilio M. v Jasmin R., 172 AD3d 430, 431 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021